Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4226 | **DATE** | 9/17/2001 |
| **CASE TITLE** | ALSARAS vs. DOMINICK'S FINER FOODS, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Dominick's bill of costs [63] is granted in part. Dominick's is awarded $1,396.30 in costs. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 19 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 SEP 18 PM 6:35 | 9/17/2001 date mailed notice | |
| SB | courtroom deputy's initials | Date/time received in central Clerk's Office | CB mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALSARAS | ) | |
| | ) | |
| Plaintiff, | ) | No. 99 C 4226 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| DOMINICK'S FINER FOODS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
SEP 1 9 2001

## MEMORANDUM OPINION AND ORDER

Saida Alsaras ("Alsaras") sued Dominick's Finer Foods, Inc. ("Dominick's") for religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* This court entered summary judgment for Dominick's. Dominick's submits a bill of costs seeking to recover $3,489.70 pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d). Alsaras objects on numerous grounds.

### DISCUSSION

"[C]osts . . . shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d). Recoverable costs are specified in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Recoverable cost include: (1) fees of the clerk; (2) fees for transcripts; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. There is a strong presumption favoring awarding costs to the prevailing party. *See Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997).

1

"The presumption . . . is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." *Id.* The burden is on the losing party to affirmatively demonstrate that the prevailing party is not entitled to costs. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991).

**I. Deposition costs**

Dominick's seeks $1,432.10 in costs for the depositions of Alsaras, Richard Suchocki, and Kenneth Kostecki. Under 28 U.S.C. § 1920(2), a federal court may tax as costs the expense of deposition transcripts "necessarily obtained for use in the case." *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 454 (7th Cir. 1998). This phrase contemplates that the materials be "actually prepared for use in presenting evidence to the court." *EEOC v. Kenosha Unified Sch. Dist. No. 1*, 620 F.2d 1220, 1227-28 (7th Cir. 1980). To award costs, however, the transcripts need not be indispensable, but only reasonably necessary. *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). Where an award of deposition costs is appropriate, the Judicial Conference has established $3 as the rate per page for an original transcript, $4 per page for each expedited transcript, and $.75 per page for the first copy. *Cengr*, 135 F.3d at 456.

Dominick's seeks $187.20 and $205.10 for the deposition costs of Richard Suchocki and Kenneth Kostecki, respectively. Suchocki and Kostecki both held supervisory or managerial positions at the store where the alleged discrimination occurred. Alsaras does not object to these requests. These depositions were reasonably necessary. Furthermore, the amount requested for these depositions is within the $3 per page rate established by the Judicial Conference.[1] Accordingly,

---

[1] Dominick's requests $187.20 for the deposition transcript of Suchocki, which was eighty pages in length. The cost per page for this deposition equals $2.34 ($187.20 / 80 pages). Dominick's seeks $205.10 for the deposition transcript of Kostecki, which was seventy-three

2

Dominick's may recover $187.20 and $205.10 for the Suchocki and Kostecki depositions.

Dominick's also seeks $1,039.80 for the Alsaras deposition, which encompasses a $176 court reporter's fee, $838.80 transcription fee, and a $25 condensed transcript with index fee. Dominick's is entitled to the $176 court reporter's fee and $25 condensed transcript fee as incidental costs. *See Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995). Alsaras argues that part of the transcription fee was for expedited delivery, which Dominick's has not shown was necessary. Dominick's is not entitled to the $4 per page rate for expedited transcripts because it made no showing that expedited copies were reasonable and necessary. *See Mortell v. MacNeal Health Care Servs. Corp.*, No. 99 C 4531, 2000 WL 804666, at *2 (N.D. Ill. June 21, 2000). Therefore, the Alsaras deposition transcript cost is reduced to $699 ($3 x 233 pages). Accordingly, Dominick's may recover a total of $900 for the Alsaras deposition ($699 for the transcript + $176 for court reporter's fee + $25 for the condensed transcript with index fee). In sum, Dominick's may recover $1,292.30 in deposition costs.

## II. Copying charges

Copying costs "necessarily obtained for use in the case" are recoverable under 28 U.S.C. § 1920(4). To be recoverable, the copies must be prepared for use in presenting evidence to the court. *Kenosha*, 620 F.2d at 1227-28.

Dominick's seeks $226.10[2] in photocopying costs, calculated at $.10 per page. Dominick's

---

pages in length. The cost per page for this deposition equals $2.81 ($205.10 / 73 pages).

[2]Dominick's bill of costs actually request $2,057.60 in copying costs. This number, however, is the result of a miscalculation (i.e., Dominick's multiplied by 1 instead of 0.1). Although there was no objection to this miscalculation, $.10 per page is reasonable, but $1 per page is not.

3

made five copies of the pleadings and one copy of the documents produced in the case for Alsaras. Alsaras objects to these costs. Although Dominick's may not recover copies made for its personal use, it may recover for copies submitted to the court and opposing counsel. *See McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990); *Fiqueroa v. City of Chicago*, No. 97 C 8861, 2000 WL 1036019, at *2 (N.D. Ill. July 20, 2000). Dominick's does not provide sufficient detail to determine the purpose of all five copies made of the pleadings. Dominick's does state that one copy was made for the court and one copy was made for Alsaras. Accordingly, Dominick's may only recover for two copies of the pleadings. Thus, Dominick's may be reimbursed $104 in copying costs ($81.40 for two copies of the pleadings + $22.60 for one copy of produced documents).

## CONCLUSION

The bill of costs is granted in part. Dominick's is awarded $1,396.30 ($1,292.30 in deposition costs and $104 in copying costs).

September 17, 2001

ENTER:

Suzanne B. Conlon
United States District Judge